IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN DeLEON,** *Primary Beneficiary and Heir-at-Law,* | ) ) ) |
| Plaintiff, | ) )   Case No. 1:24-cv-168 |
| v. | ) ) ) |
| **THE ESTATE OF CLARA JOSEPHINE SLATER,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Susan Paradise-Baxter, United States District Judge**

**I.   Introduction**

In this civil action, Darren DeLeon ("DeLeon") has filed a motion to proceed *in forma pauperis* (ECF No. [1]), attached to which is a petition for a declaratory judgment with the caption: "In re: The Estate of Clara Josephine Slater." ECF No. 1-1. For the reasons that follow, DeLeon's motion for leave to proceed *in forma pauperis* will be granted, but his pleading will be dismissed for lack of subject matter jurisdiction.[1]

---

[1] After filing his motion to proceed *in forma pauperis* and lodging his petition for declaratory relief, DeLeon filed a document which has been docketed as a "supplement," but which appears to be in the nature of an amended pleading. The "supplement" is not completely identical to the original petition but seems to be materially similar in terms of the allegations and claims asserted. For present purposes, the Court finds nothing in the Supplement that would alter its analysis of DeLeon's petition for declaratory relief.

DeLeon has also filed two additional motions concerning his pleading. At ECF No. 2, he requests leave to file an exhibit (Exhibit No. 12) under seal and further requests leave to file documents electronically. At ECF No. 4, DeLeon filed a "Motion to Attach Copies of Exhibits," wherein he request permission to enter into evidence certain exhibits that are already entered on the docket. The Court has reviewed all of these filings as well as the referenced exhibits. In light of the jurisdictional deficiencies discussed herein, DeLeon's motions at ECF Nos. 2 and 4 will be dismissed as moot.

**II.     Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis**

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2)[2] to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id*. (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed *in forma pauperis* on appeal); *Schneller v. Abel Home Care, Inc*., 389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007). Because DeLeon lacks sufficient funds to pay the required filing and administrative fees in this action, he will be granted leave to proceed *in forma pauperis*. Accordingly, the Clerk will be directed to file DeLeon's pleading as a separate docket entry.

**III.     Review of Plaintiff's Pleading Under 28 U.S.C. §1915(e)**

A. <u>Governing Legal Standards</u>

Because DeLeon is proceeding *in forma pauperis*, this Court must review his pleading in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).[3] Pursuant to 28 U.S.C. § 1915(e)(2), as amended,

---

[2] This provision was formerly codified as 28 U.S.C. § 1915(d).

[3] Although DeLeon is not incarcerated, the amendments to the PLRA, codified as 28 U.S.C. §1915, apply to non-prisoners who have been granted *in forma pauperis* status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits).

"[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In addition, the Court must make an initial determination whether it has subject matter jurisdiction over the matter in controversy. *See Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022) ("[Courts] have a continuing obligation to assess subject[-] matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court's scope of review in this regard is shaped by whether the complaint is subject to a facial or factual jurisdictional attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (where district court analyzes a motion under Rule 12(b)(1), "its first task is to classify the [defendant's] motion as either a factual attack or a facial attack."). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id*. (alterations in the original) (citing *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co*., 473 F.3d 506, 514 (3d Cir. 2007)).

At present, the Court is concerned only with a possible facial deficiency in DeLeon's pleading. In undertaking its analysis, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc*., 694 F.3d 340, 347 (3d Cir. 2012) (internal quotation marks and citation omitted). Although the Court must construe all well pled facts in DeLeon's favor, the Court need not accept bald assertions or legal conclusions

3

as true. *Batchelor v. Rose Tree Media School Dist.*, Civil Action No. 11–6733, 2013 WL 1776076 at *3 (E.D. Pa. Mar. 28, 2013) (citing authority).

Because DeLeon is proceeding *pro se,* his pleading must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, this Court must "apply the applicable law, irrespective of whether [DeLeon] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation marks and citation omitted). And, before dismissing his pleading for a perceived deficiency, the Court must grant him leave to amend it, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B. <u>Discussion</u>

*1. Background Facts*

Here, DeLeon presents his case as an action for declaratory judgment under 28 U.S.C. §§2201-2202. His pleading, however, is in the form of a petition for an *in rem* proceeding and is styled "In re: The Estate of Clara Josephine Slater." Mrs. Slater is DeLeon's late mother, who died intestate in Venango County, Pennsylvania on November 16, 2017.

According to his petition, DeLeon sold his mother a life annuity policy in 2003 that was issued by National Western Life ("NWL"). In 2011, DeLeon was named the sole beneficiary of the NWL annuity, while his estranged sister and "co-heir" was named as a contingent beneficiary. Between September 10, 2017 and November 11, 2017, Mrs. Slater was confined in a nursing home in Oil City, Pennsylvania and, due to her deteriorating health and medication regimen, she was mentally incompetent. On or around October 18, 2017, DeLeon's sister, acting

4

under a putative power of attorney, allegedly exerted undue influence over Mrs. Slater and got her to effectuate an unnecessary surrender of the annuity. This resulted in DeLeon's sister obtaining and dissipating the proceeds of the policy.

DeLeon asserts that he spoke with an agent of NWA ("Agent Mohr") on December 19, 2017, at which time he learned about the surrender of his mother's annuity and NWL's payment of the proceeds. DeLeon claims that NWA immediately recognized its error and attempted, unsuccessfully, to stop payment on the check it had issued. The end result, according to DeLeon, is that his sister converted a "non-probatable" annuity into a "probatable" intestate cash asset, depriving DeLeon of the value of the annuity proceeds.

Based on these predicate allegations, DeLeon seeks a "judicial determination of [his] rights and status to decedent's NWL annuity, intestate assets, inheritance and other matters." ECF No. 1-2 at 1. His "primary intent . . . is to establish [his] rights either as sole, primary beneficiary of the decedent's National Western Life Annuity . . . in whole (100%) or an equal heir (50%) of decedent's intestate asset." *Id*. at 2. His pleading includes eight separate counts variously titled as "Undue Influence" (Count I), "Suppression by NWL" (Count II), "Negligent Acts and Omissions by NWL and its agents" (Count III), "NWL Policy's Death Provisions Enforces Contractual Directives" (Count IV), "Breach of Fiduciary Duty" (Count V), "Estate of Clara Slater" (Count VI), "Denial of Due Process" (Count VII), and "Negligence and Bad Faith" (Count VIII).

   2. *Analysis*

It is well-settled that federal courts are courts of limited jurisdiction. *See Gordon v. Gordon*, No. 3:24-CV-1820, 2025 WL 1238372, at *5 (M.D. Pa. Apr. 29, 2025). Consequently,

this Court can only exercise jurisdiction over a case to the extent that Congress has expressly conferred jurisdiction upon federal district courts. *Id.; see also* 28 U.S.C. §§1330-1369.

As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. The first involves federal question jurisdiction, whereby "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, no colorable basis exists for finding federal question jurisdiction, despite DeLeon's reference to "due process violations" in his petition. To state an actionable claim for a due process violation, DeLeon would need to proceed under 42 U.S.C. §1983[4] and plausibly allege that some defendant, while acting under color of state law, violated his due process rights (or some other right guaranteed to DeLeon under federal law). *See West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant acted "under color of state law" depends on "whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). To make this determination, courts utilize "three broad tests" – *i.e.,* "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and alteration omitted). "Of course,

---

[4] Section 1983 provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

6

merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28 (1980). In this case, even when DeLeon's petition is construed in the light most favorable to him, there is no plausible basis for inferring that his sister or anyone at NWL acted under color of state law.

The second common basis for federal district court jurisdiction is "diversity jurisdiction," where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, DeLeon professes to be a "citizen of Heaven," ECF No. 1-1 at 2, although his petition reflects a mailing address in Florida. To the extent DeLeon intends to direct any claim against his sister, NWL, or an agent of NWL, he has failed to allege their citizenship, which precludes a finding of diversity jurisdiction. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."); *Miller v. Native Link Constr., LLC*, No. CV 15-1605, 2016 WL 4701454, at *6 (W.D. Pa. Sept. 8, 2016) (court noting that "the amended complaint would not pass jurisdictional muster because plaintiff's averments fail to properly allege the citizenship of most of the other named parties, including plaintiff himself").

In addition, it is evident from DeLeon's pleading and appended exhibits that the amount in controversy fails to satisfy the jurisdictional requirement. According to DeLeon, the value of his mother's annuity at the time of surrender was $13,377.52, which is substantially less than $75,000, "exclusive of interest and costs." Consequently, there is no colorable basis for inferring the existence of diversity jurisdiction.

In his petition, DeLeon asserts that the Court has jurisdiction pursuant to the Declaratory Judgment Act. *See* ECF No. 1-1 at 1, ¶1 (citing 28 U.S.C. §§2201, 2202 and Fed. R. Civ. P. 57).

However, "[t]he Declaratory Judgment Act does not[ ] ... provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 & n.57 (3d Cir. 2017); *Everett v. Pennsylvania*, No. 24-CV-6631, 2025 WL 220033, at *1 n. 1 (E.D. Pa. Jan. 16, 2025).  Nor does Federal Rule of Civil Procedure 57 (promulgated by the Supreme Court) constitute a Congressional grant of jurisdictional authority. Therefore, DeLeon's invocation of the Declaratory Judgment Act and Rule 57 is of no jurisdictional moment.

Finally, this is not a case under 28 U.S.C. §1335 where interpleader jurisdiction applies. Interpleader jurisdiction can be invoked where a party "is exposed to multiple claims relating to a single obligation, and wishes to obtain an adjudication of those claims in a single proceeding[.]" *Jackson Natl. Life Ins. Co. v. Lunt*, No. CV 15-1629, 2017 WL 1058909, at *3 (W.D. Pa. Mar. 21, 2017) (citing *NY Life Distributors, Inc. v. Adherence Group, Inc*., 72 F.3d 371, 381-82 (3d Cir. 1995)).  "Pursuant to § 1335, district courts have original subject matter jurisdiction over interpleader actions if there is minimal diversity between one or more adverse claimants and the amount in controversy exceeds $500." *Indem. Ins. Co. of N. Am. v. Tinstman*, No. 2:23-CV-01557-CBB, 2024 WL 5118435, at *3 (W.D. Pa. Dec. 16, 2024) (citing 28 U.S.C. § 1335(a); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967)).  In such cases, "[t]he funds at issue must be deposited into the court's registry." *Id*. (citing 28 U.S.C. §1335(a)(2)).

The requirements for interpleader jurisdiction are not present here.  This is not a case where NWL, facing two competing claimants, is seeking a determination of its obligations and has deposited the contested funds with the Court.  On the contrary, DeLeon's petition makes clear that the funds were long ago paid to his then-mentally incompetent mother and have since

8

been dissipated. Accordingly, there is no basis for this Court to exercise jurisdiction pursuant to 28 U.S.C. §1335.

### IV.     Conclusion

For all of the above reasons, this Court lacks subject matter jurisdiction over the present case. Accordingly, the Court will not order service of DeLeon's pleading. Instead, the Court must dismiss the case without leave for further amendment, because it is apparent that the jurisdictional deficiency cannot be remedied.

An appropriate order follows.

SUSAN PARADISE BAXTER
United States District Judge